## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANNE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-0256 (UNA) |
| ) | |
| PRESIDENT JOSEPH BIDEN, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1).  The Court GRANTS the application, and for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff states that she had nowhere "to stay such as the White House or a hotel room paid for by the U.S. government or President Biden." Compl. at 1-2. She demands an award of $50 million as compensation for her stolen car and clothing, and for the conditions under which she is living, given her inability to shower, obtain hot food and coffee, or rest properly. *See id*. at 2.

As drafted, plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The complaint's factual allegations are far too vague and conclusory to articulate a viable legal claim or to give the named defendant reasonable notice of the claim(s) against him. An Order is issued separately.

                                                        RANDOLPH D. MOSS
                                                        United States District Judge

DATE: March 11, 2024